USCA1 Opinion

 

 September 26, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1165 DAVID JAMES WYATT, Plaintiff, Appellant, v. THE BOSTON TEACHERS UNION, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Cyr and Stahl, Circuit Judges. ______________ ____________________ David James Wyatt on brief pro se. _________________ Matthew E. Dwyer, John P. Sheridan and Dwyer & Jenkins on brief ________________ ________________ _______________ for appellee. ____________________ ____________________ Per Curiam. Appellant David James Wyatt appeals __________ from the dismissal of his action against appellee Boston Teachers Union. He filed a complaint in the district court, alleging that the Union had retaliated against him in violation of Title VII by refusing to represent him in opposing his termination from his job as a teacher in the Boston public school system. The district court determined that appellant had not filed a charge with the Equal Employment Opportunity Commission within 300 days as required by 42 U.S.C. 2000e-5(e). We agree with the district court for essentially the reasons stated in its Order, dated December 14, 1995. We add two comments. 1. Appellant raises on appeal a new theory, supported by new facts, concerning his argument that he did not discover that the Union was refusing to represent him until June 24, 1994. Appellant also raises the new argument that he was unaware of his right to sue the Union under Title VII until we issued our opinion in the appeal of his action against the City of Boston and others. See Wyatt v. City of ___ _____ _______ Boston, Nos. 93-2330 and 93-2367 (1st Cir. September 15, ______ 1994). In the absence of extraordinary circumstances, we do not consider arguments never presented to the lower court. Clauson v. Smith, 823 F.2d 660, 666 (1st Cir. _______ _____ 1987)(collecting cases). We have reviewed the record and the briefs, and do not find such circumstances here. Thus, appellant has waived appellate consideration of these new assertions. See id. ___ ___ 2. Using December 31, 1993 as the time appellant learned of the alleged unlawful practice -- retaliatory refusal of representation -- we conclude that the November 25, 1994 filing with the Massachusetts Commission Against Discrimination occurred 328 days after this date. This is outside both the 240-day limit for filing charges with an appropriate state agency and the 300-day limit for filing charges with the EEOC. See EEOC v. Commercial Office ___ ____ __________________ Products Co., 486 U.S. 107, 110-11 (1988) (with exceptions ____________ not relevant here, a complainant may not file a charge with the EEOC until 60 days have passed from the initial filing with the proper state agency; thus, to meet the 300-day time limit for filing EEOC charges, the state complaint must be filed within 240 days of the date the alleged unlawful act took place). The judgment of the district court is summarily _________ affirmed. See Local Rule 27.1.  ________ ___